1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCKINNEY, | CASE NO. 1:09-cv-00726-OWW-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| CA DEPARTMENT OF CORRECTIONS AND | (Doc. 18) |
| REHABILITATION, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |
| _____/ | |

Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison ("KVSP").  Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments.  Plaintiff names Susan Hubbard, Mike Knowles, Hedgpeth, K. Harrington, J. Castro, S.L. Kays, and J. Soto as defendants.  For the reasons set forth below, the Court will recommend that this action proceed on Plaintiff's Eighth Amendment claims against Defendants Hedgpeth, Harrington, Castro, Kays, and Soto.  The Court will recommend that Plaintiff's remaining claims be dismissed for failure to state a claim.

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

CASE 1:09-cv-00726-AWI-BAM

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

**A.   Procedural Background**

Plaintiff filed a Prisoner Civil Rights Complaint on April 24, 2009. (Doc.1.) On September 3, 2009, the court issued an order dismissing Plaintiff's complaint, with leave to file an amended complaint within thirty (30) days. (Doc. 11.) On October 13, 2009, Plaintiff submitted a motion for an extension of time. (Doc. 14.) The court granted Plaintiff's motion on October 20, 2009, allowing until November 23, 2009 for Plaintiff to file an amended complaint. (Doc. 15.) On November 24, 2009, Plaintiff filed his first amended complaint. (Doc. 18.) This action proceeds on Plaintiff's first

1   amended complaint.

2       **B.    Factual Background**

3       Plaintiff claims that Defendants Hubbard, Knowles, Hedgpeth, Harrington, Castro, Kays, and

4   Soto "promulgated and implemented a policy which instruct[sic], authorize[sic], and permit[sic]

5   subordinates to impose repeated and consecutive lockdowns where KVSP inmates, including

6   Plaintiff, are held confined to cell quarters without adequate exercise yard for durations which vary."

7   (Am. Compl. Pursuant to 42 U.S.C. § 1983 for Declaratory and Injunctive Relief ¶ 9, ECF No. 18.)

8   Plaintiff claims that the policy violates his rights under the Eighth and Fourteenth Amendments.

9       Plaintiff vaguely alleges that the policy permits subordinate "to impose more strenuous

10  lockdowns on african american inmates, including Plaintiff, than others based on race and status as

11  prisoner." (Am. Compl. ¶ 10, ECF No. 18.)  Plaintiff claims that "Under the Civil Service Act,

12  KVSP employ[s] predominately hispanic officers who extend obvious preferential treatment towards

13  hispanic inmates, and is the moving force behind the deprivations being challenged herein." (Am.

14  Compl. ¶ 12, ECF No. 18.)

15      Plaintiff claims that he has suffered continuous and successive lockdowns since July 2007

16  for reasons such as violence between inmates, racial disputes between inmates, officer trainings,

17  assaults on staff members by inmates, and assaults on inmates by staff.  Plaintiff claims that the

18  successive lockdowns resulted in the denial of outdoor exercise.  As a result, Plaintiff suffers muscle

19  cramps in his legs, back pain, headaches, stress, and anxiety.  Plaintiff claims that the lockdowns

20  persist even after the disruptive inmates are removed from the general population and, therefore, do

21  not relate to any legitimate penological goals.

22      On July 25, 2007, Plaintiff requested to be transferred from KVSP due to the harsh conditions

23  caused by the lockdowns.  Defendant Soto denied Plaintiff's request.  Plaintiff claims that the denial

24  constituted deliberate indifference toward Plaintiff's health and safety.

25  **III.    Discussion**

26      **A.    Eighth Amendment**

27      Plaintiff alleges that the lockdowns and subsequent restrictions of inmate access to the

28  exercise yard are in violation of the Eight Amendment.  The Eighth Amendment prohibits the

imposition of cruel and unusual punishment and embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency.  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal citation omitted).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation be "sufficiently serious," and (2) the subjective requirement that the prison official have a "sufficiently culpable state of mind."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  The objective requirement is met where the prison official's act or omission results in the denial of the minimal civilized measure of life's necessities.  Id.  The subjective requirement is met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id.  A prison official acts with deliberate indifference when he or she knows of and disregards an excessive risk to inmate health or safety.  Id. at 837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference.  Id.

## 1.   Eighth Amendment Claims Against Hedgpeth, Harrington, Castro, Kays, and Soto

Plaintiff claims Defendants violated the Eighth Amendment by depriving Plaintiff of outdoor exercise.  The denial of outdoor exercise for extended periods of time can satisfy the objective requirement that a deprivation be "sufficiently serious" for Eighth Amendment purposes.  Thomas v. Ponder, No. 09-15522, 2010 WL 2794394, at *5 (9th Cir. July 16, 2010) (finding 13 months and 25- day denial of out-of-cell exercise sufficiently serious to constitute a valid claim under the Eighth Amendment).  "A prohibition on outdoor exercise of six weeks is a 'sufficiently serious' deprivation to support an Eighth Amendment claim."  Id. (citing Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000); Allen v. Sakai, 48 F.3d 1082, 1086 (9th Cir. 1994)).  Here, Plaintiff alleges that he suffered "months of denial of outdoor exercise yard causing . . . muscle cramps in legs, back pain, headache, stress, and anxiety."  (Am. Compl. ¶ 13, ECF No. 18.)  Plaintiff has adequately alleged that he suffered a sufficiently serious deprivation for Eighth Amendment purposes.  Plaintiff has satisfied the objective prong for stating an Eighth Amendment violation.

In order to state an Eighth Amendment claim, Plaintiff must also satisfy the subjective prong by alleging facts that show that Defendants acted with deliberate indifference.  Plaintiff has alleged

4

facts that support the conclusion that Defendants Hedgpeth, Harrington, Castro, Kays, and Soto acted with deliberate indifference. The risk to Plaintiff's health was sufficiently obvious such that any prison official who had knowledge of the lockdowns would have been aware of the substantial risk to Plaintiff's health. See id. at *6 (finding risk to health caused by denial of outdoor exercise is obvious). It is plausible to conclude on the facts alleged that the Defendants Hedgpeth, Harrington, Castro, Kays, and Soto, the Defendants who worked at KVSP, were aware of the successive lockdowns that occurred at KVSP. By extension, it is plausible to conclude that those Defendants were aware that inmates such as Plaintiff were deprived of outdoor exercise for extended periods of time and they, therefore, would have known of the obvious risk to Plaintiff's health.

The Court must also consider whether the deprivation of outdoor exercise was reasonable in light of the history of violence at KVSP. "[The Ninth Circuit has] held previously that prisons may curtail inmates' outdoor exercise 'when a genuine emergency exists.'" Id. at *8. "Such an emergency may occur following outbreaks of extraordinary levels of violence in a prison." Id. (citing Norwood v. Vance, 572 F.3d 626, 631 (9th Cir. 2009). Whether there was a genuine emergency in this case that would justify the deprivation of outdoor exercise appears to be a disputed issue of fact more appropriately addressed on a motion for summary judgment or at trial. Plaintiff contends that there was no genuine emergency that would justify the continued denial of outdoor exercise because soon after the lockdowns were initiated, the disruptive prisoners were removed from the general population and sent into administrative segregation. Plaintiff contends that the genuine emergency no longer exists after the disruptive prisoners are placed in segregation and there is no longer any justification for the continued deprivation of outdoor exercise.

Given the facts alleged, the Court finds that Plaintiff states a cognizable claim against Defendants Hedgpeth, Harrington, Castro, Kays, and Soto for the violation of Plaintiff's rights under the Eighth Amendment.

**2.      Eighth Amendment Claims Against Defendants Hubbard and Knowles**

Plaintiff attempts to also hold Susan Hubbard and Mike Knowles liable for the violation of Plaintiff's Eighth Amendment rights. However, the Court notes a significant distinction between Hubbard and Knowles and the other Defendants who worked at KVSP. Hubbard and Knowles are

alleged to be the "Director of Adult Institutions" and the "Associate Director" in the California Department of Corrections and Rehabilitation.  Plaintiff alleges that both Hubbard and Knowles work in Sacramento, not in the actual prison where the lockdowns occurred.  While it is plausible to conclude that the Defendants who worked at KVSP were aware of the successive lockdowns and were therefore aware of any risk to Plaintiff's health, Plaintiff has alleged no facts that plausibly support the conclusion that Hubbard or Knowles were aware of the successive lockdowns at KVSP. It is not plausible to conclude that high ranking officials such as Hubbard and Knowles are aware of every event that occurs in every prison within their department.  In the absence of specific facts that support the conclusion that Hubbard and Knowles were aware of the threat to Plaintiff's safety, the Court cannot conclude that Plaintiff alleges sufficient facts to support the conclusion that Hubbard and Knowles acted with deliberate indifference.  Thus, Plaintiff fails to state a claim against Defendants Hubbard and Knowles for the violation of Plaintiff's Eighth Amendment rights.

The Court finds that the deficiencies in Plaintiff's Eighth Amendment claims against Hubbard and Knowles are not capable of being cured by granting further leave to amend.  In the Court's previous screening order, the Court dismissed Plaintiff's Eighth Amendment claims and specifically informed Plaintiff of the need to plead facts that plausibly support the conclusion that Defendants acted with deliberate indifference.  (Order Dismissing Compl., With Leave to File Am. Compl. Within 30 Days 3:12-4:21, ECF No. 11.)  Plaintiff's amended complaint fails to cure the same deficiency in his claims against Hubbard and Knowles.  The Court will recommend that Plaintiff's Eighth Amendment claims against Defendants Hubbard and Knowles be dismissed without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

**B.     Fourteenth Amendment**

Plaintiff alleges vague conclusions regarding racial discrimination related to the implementation of lockdowns at KVSP, implicating the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff also claims that his due process rights were violated when his request for a transfer was denied.

**1.     Equal Protection**

Plaintiff claims that Defendants violated the Equal Protection Clause of the Fourteenth Amendment.  Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent.  See Washington v. Davis, 426 U.S. 229, 239-40 (1976); Serrano v Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Plaintiff must allege facts susceptible to an inference that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class."  Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff's factual allegations do not plausibly support an equal protection claim.  Plaintiff offers only vague and conclusory allegations regarding Defendants' intent to discriminate against him.  Plaintiff alleges that Hubbard, Knowles, Hedgpeth, Harrington, Castro, Kays, and Soto promulgated "a policy which instruct, authorize, and permit subordinates to impose more strenuous lockdowns on african american inmates."  (Am. Compl. ¶ 10, ECF No. 18.)  Plaintiff offers no supporting factual allegations for this contention.  Plaintiff does not identify the policy was, or how it burdened African American inmates more than inmates of other races.  It is unclear how a lockdown can be "more strenuous" on a certain race.  Presumably, a lockdown affects all inmates equally, irrespective of race; Plaintiff fails to clarify how it was more strenuous on him and other African American inmates.  Plaintiff's only other allegation in support of the claimed racial discrimination is that KVSP predominately employs "hispanic officers who extend obvious preferential treatment toward hispanic inmates."  (Am. Compl. ¶ 11, ECF No. 18.)  Plaintiff provides

7

no factual allegation that supports the conclusion that KVSP intentionally employs a disproportionate number of Hispanic correctional officers.  Further, Plaintiff fails to explain how it is "obvious" that a Hispanic correctional officer would provide preferential treatment toward Hispanic inmates. Plaintiff fails to provide any specific examples of this preferential treatment, and fails to state a cognizable equal protection claim.

The Court finds that the deficiencies in Plaintiff's equal protection claims are not capable of being cured by granting further leave to amend.  In the Court's previous screening order, the Court dismissed Plaintiff's equal protection claims and specifically informed Plaintiff of the standards for stating a claim under the Equal Protection Clause of the Fourteenth Amendment and the need to plead facts that support the conclusion that he was subject to intentional discrimination.  (Order Dismissing Compl. 4:23-5:18, ECF No. 11.)  Plaintiff's amended complaint fails to cure those deficiencies.  The Court will recommend that Plaintiff's equal protection claims be dismissed without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

## 2.     **Procedural Due Process**

Plaintiff claims that he was unconstitutionally denied transfer to another prison facility where he could escape being subjected to multiple lockdowns.  Plaintiff maintains that Defendant J. Soto knew why he requested the transfer yet denied him due process by disregarding those reasons. However, the Due Process Clause applies only when a constitutionally protected liberty or property interest is at stake.  See Ingraham v. Wright, 430 U.S. 651, 672-73 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).  Liberty interests can arise both from the Constitution and from state law.  See Wilkinson v. Austin, 545 U.S. 209, 221

1   (2005).  State laws create liberty interests only when the deprivation in question imposes an atypical

2   and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Sandin v.

3   Conner, 515 U.S. 472, 484 (1995).

4        The Constitution does not guarantee that the convicted prisoner will be placed in any

5   particular prison.  Meachum v. Fano, 427 U.S. 215, 224 (1976).  Confinement in any state institution

6   is within the normal limits or range of custody which the inmate's conviction has authorized the

7   State to impose.  That life in one prison is much more disagreeable than in another does not in itself

8   signify that a Fourteenth Amendment liberty interest is implicated.  Id. at 225.  Thus, denial of

9   Plaintiff's transfer request to another penal institution does not impose an "atypical and significant

10   hardship" in relation to ordinary incidents of prison life.

11        Further, the Court finds that Plaintiff's due process claims are more appropriately addressed

12   as Eighth Amendment claims because Plaintiff is claiming that Defendant Soto subjected him to

13   cruel and unusual punishment by forcing Plaintiff to stay at KVSP where he was denied adequate

14   outdoor exercise.  "[W]here a particular amendment provides an explicit textual source of

15   constitutional protection against a particular sort of government behavior, that Amendment, not the

16   more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's

17   claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and

18   brackets omitted).  Thus, Plaintiff should be allowed to proceed on his Eighth Amendment claim and

19   his Fourteenth Amendment claim should be dismissed.

20        The Court finds that the deficiencies in Plaintiff's due process claims are not capable of being

21   cured by granting further leave to amend.  In the Court's previous screening order, the Court

22   dismissed Plaintiff's due process claims and specifically informed Plaintiff of the standards for

23   stating a claim under the Due Process Clause of the Fourteenth Amendment and the need to allege

24   the denial of a protected liberty interest.  (Order Dismissing Compl. 5:19-6:10, ECF No. 11.)

25   Plaintiff was also specifically informed that he has no protected liberty interest in the transfer to a

26   prison with more favorable conditions of confinement.  (Id.)  Plaintiff's amended complaint fails to

27   cure those deficiencies.  The Court will recommend that Plaintiff's due process claims be dismissed

28   without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing

longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

**IV.    Conclusion and Recommendation**

Plaintiff's complaint states cognizable claims against Defendants Hedgpeth, Harrington, Castro, Kays, and Soto for the violation of Plaintiff's rights under the Eighth Amendment. However, Plaintiff does not state any other cognizable claims. Plaintiff was provided with the opportunity to amend, and his first amended complaint failed to remedy the deficiencies with his other claims. The court finds that the deficiencies with Plaintiff's other claims are not curable by further amendment of his complaint. Accordingly, it is HEREBY RECOMMENDED that:

1.    This action proceed on Plaintiff's first amended complaint, filed on November 24, 2009, against Defendants Hedgpeth, Harrington, Castro, Kays, and Soto for deliberate indifference toward a serious risk to Plaintiff's health in violation of the Eighth Amendment;

2.    Plaintiff's due process claims and equal protection claims be dismissed for failure to state a claim; and

3.    Plaintiff's Eighth Amendment claims against Defendants Hubbard and Knowles be dismissed for failure to state a claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    August 13, 2010**                      **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE