# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McKINNEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND REHABILITATION,<br>et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00726-OWW-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT<br><br>(ECF No. 35)<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 24, 2009.  Defendants have been served and this action is in the discovery phase. On April 11, 2011, Plaintiff filed a motion for leave to file a supplemental complaint to add similar incidents that have occurred since he filed his complaint, however Plaintiff failed to include a copy of his supplemental complaint.

　　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal

standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth, 532 U.S. at 741.

In light of section 1997e(a), Plaintiff may not add new and unrelated claims that arose after this suit was filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor).  Allowing Plaintiff to file a supplemental complaint would allow Plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit.  McKinney, 311 F.3d at 1199-1201.

Since Plaintiff did not submit his supplemental complaint with his motion, the Court is unable to determine if the additional claims would require exhaustion prior to filing.  All claims at issue in this action must have been exhausted by April 24, 2009, and Plaintiff's motion for leave to file a supplemental complaint adding a new claim does not provide sufficient information to determine if supplementing the complaint would be futile.

Based on the foregoing, Plaintiff's motion, filed April 11, 2011, is HEREBY DENIED, without prejudice.  Within thirty days from the date of service of this order, Plaintiff is granted leave to file a motion to supplement his complaint, which must include the supplemental complaint.

IT IS SO ORDERED.

**Dated:   June 8, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE