# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McKINNEY, | CASE NO. 1:09-cv-00726-AWI-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT |
| v. | (ECF No. 35, 45) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER STRIKING SUPPLEMENTAL COMPLAINT |
| Defendants. | (ECF No. 39) |

## I. Motion to File Supplemental Complaint

Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint filed November 24, 2009, against Defendants Hedgpeth, Harrington, Castro, Kays, and Soto for violations of the Eighth Amendment.

On April 11, 2011, Plaintiff filed a motion to file a supplemental complaint alleging that incidents have occurred since he filed his complaint which are similar in nature to the violations alleged in the first amended complaint. Plaintiff's supplemental complaint alleges Defendants Matthew Cate, Director of the California Department of Corrections and Rehabilitation ("CDCR"); Scott Kernan, Undersecretary of CDCR Operations; Terri McDonald, Chief Deputy Secretary of Adult Operations; George Giurbino, Director of CDCR Division of Adult Institutions; James Tilton, former Director of CDCR; M.D. Bitter, Warden at Kern Valley State Prison ("KVSP"); J. Castro, Chief Deputy Warden at ("KVSP"); and D. Page, Facility Captain at KVSP, have instituted and

enforced a policy of race based-locked downs during incidents at the prison. Plaintiff was locked down from February 2010 through April 2010, from September 2010 through March 2011, and for two weeks in May 2011. Defendants filed an opposition on September 6, 2011, requesting Plaintiff's motion be denied on the grounds that Plaintiff did not allege any facts specific to Defendants Cate, Kernan, McDonald, and Giurbino; Plaintiff filed to show good cause why Defendant Tilton was not named in the original or first amended complaint; the supplemental pleading is unnecessary since the policy is being challenged in this action and the warden is being sued in his official capacity; and allowing supplementation of the complaint will cause undue delay.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence , or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The purpose of the supplemental complaint is to add claims that accrued after suit was filed. Plaintiff's supplemental complaint attempts not only to bring claims for incidents that occurred after the filing of the complaint, but to amend the complaint to include additional defendants that were not named at the time the complaint was filed. Therefore, the Court construes this as a motion to amend and supplement the complaint.

Local Rule 220 requires that "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by the Court shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Plaintiff's supplemental complaint fails to allege the claims found to be cognizable in the first amended complaint and therefore fails to comply with Local Rule 220. Accordingly, Plaintiff's motion to supplement the complaint shall be denied. However, the Court will address several issues raised by the supplemental complaint and Defendants' opposition.

**II.   Claims Proceeding in this Action**

Defendants state in their opposition that this action is proceeding against the warden in his offiicial capacity for monetary and injunctive. A review of the first amended complaint reveals that Plaintiff has requested monetary damages and this action is not one for injunctive relief.

Additionally, while Plaintiff brought this action against Defendants in their individual and official capacities, the screening order failed to address the capacity issue. Plaintiff brings this action

1  alleging that an unconstitutional policy was implemented and enforced by Defendants.

2  A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." (Id.) (quoting Kentucky v. Graham, 105 S. C. 3099, 3106 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 498 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. A supervisor may only be held liable for the actions of his subordinates under section 1983 if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's first amended complaint fails to set forth factual allegations that any of the named defendants possessed the final authority to establish the policy at issue. Waggy, 594 F.3d at 713. Additionally, the complaint alleges that Defendants carried on a policy implemented by their successors. Accordingly, Plaintiff has failed to state an official capacity claim for the implementation of a policy. This action is proceeding against Defendants Hedgpeth, Harrington, Castro, Kays, and Soto in their individual capacities for denial of exercise during institutional lockdowns in violation of the Eighth Amendment.

**III.  Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to file a supplemental complaint, filed April 11, 2011, is DENIED;

2. Plaintiff's supplemental compliant, lodged June 3, 2011, is STRICKEN FROM THE RECORD; and

3. This action is proceeding against Defendants Hedgpeth, Harrington, Castro, Kays,

and Soto in their individual capacities for denial of exercise during institutional lockdowns in violation of the Eighth Amendment.

IT IS SO ORDERED.

**Dated:**   October 3, 2011                                /s/ Sandra M. Snyder
                                                                                                UNITED STATES MAGISTRATE JUDGE