1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9 | GREGORY McKINNEY,                          CASE NO. 1:09-cv-00726-AWI-BAM PC

10 |               Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION FOR
                                               THIRTY DAY EXTENSION TO POSTPONE
11 |        v.                                  THE MOTION FOR SUMMARY JUDGMENT
                                               (ECF No. 72)
12 | CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND REHABILITATION,           ORDER DENYING PLAINTIFF'S MOTION TO
13 | et al.,                                    COMPEL  (ECF No. 73)

14 |               Defendants.
                                          /
15

16         Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma

17 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 25, 2012, findings and

18 recommendations issued recommending granting Defendants' motion for summary judgment. (ECF

19 No. 64.)  Plaintiff filed objections to the findings and recommendations on June 29, 2012. (ECF No.

20 65.)  In light of the recent decision in Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012), Plaintiff

21 was provided with the requirements for opposing a motion for summary judgment and granted thirty

22 days in which to file a supplemental opposition on July 12, 2012.  (ECF Nos. 66, 67.)   After

23 receiving an extension of time, Plaintiff filed an answer to Defendants' motion for summary

24 judgment and a motion to postpone the motion for summary judgement on September 29, 2012, and

25 a motion to compel discovery on October 1, 2012.  (ECF Nos. 71, 72, 73.)  Defendants filed an

26 opposition to the motion to compel and motion to postpone the motion for summary judgment on

27 October 5, 2012.  (ECF No. 75.)

28         In his motion to postpone the motion for summary judgment, Plaintiff states that Defendants

1

1   are required to disclose "relevant written policies reports regard riots policy, exercises yard policy,

2   policy of prison inmate incidents, policy cell searches, yard searches, weapon policy, and including

3   any reports the public can review etc." if it is in the Defendants possession.  (Motion for Thirty-Day

4   Extension to Postpone the Motion for Summary Judgment 2,[1] ECF No. 72.)  Defendants oppose the

5   motion on the ground that Plaintiff has failed to show what facts exist that raise a factual dispute and

6   why he could not obtain the facts during discovery as required by Rule 56(d).  (Response and

7   Opposition 3, ECF No. 75.)

8          Pursuant to Federal Rule of Civil Procedure 56(d) when

9              a nonmovant shows by affidavit or declaration, that, for specified reasons,
               it cannot present facts essential to justify its opposition, the court may:
10
               (1) defer considering the motion or deny it;
11
               (2) allow time to obtain affidavits or declarations or to take discovery; or
12
               (3) issue any appropriate order.
13

14          Rule 56(d) requires discovery "where the non-moving party has not had the opportunity to

15   discover information that is essential to its opposition."  Roberts v. McAfee, Inc., 660 F.3d 1156,

16   1169 (9th Cir. 2011) (citations omitted).  The party seeking the continuance "must show (1) that they

17   have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2)

18   that the facts sought exist, and (3) that these sought after facts are 'essential' to resist the summary

19   judgment motion."  California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  In making a Rule

20   56[d] motion, a party opposing summary judgment, "must make clear what information is sought

21   and how it would preclude summary judgment."  Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir.

22   1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987).

23   The party seeking to conduct additional discovery has the burden of setting forth sufficient facts to

24   show that the evidence sought exists.  Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir.

25   1987).

26          Plaintiff has failed to make the required showing that additional discovery is necessary prior

27

28          [1]All references to pagination of specific documents pertain to those as indicated on the upper right corners
    via the CM/ECF electronic court docketing system.

2

1   to opposing Plaintiff's motion for summary judgment. While Plaintiff states that policies and reports

2   exist, he fails to show that these documents are essential to his opposition to Defendants' motion for

3   summary judgment or how these policies would preclude summary judgment. Further, Plaintiff's

4   motion has been brought after the Court has issued findings and recommendations recommending

5   granting the motion for summary judgment and more than one year after the discovery cut-off date

6   of August 1, 2011. A motion for further discovery is properly denied where the movant has failed

7   to diligently pursue discovery. <u>California Union Ins. Co. v. American Diversified Sav. Bank</u>, 914

8   F.2d 1271, 1278 (9th Cir. 1990). Plaintiff's motion for a thirty day extension of time to file an

9   opposition to summary judgment is denied.

10      Plaintiff's motion to compel states that he served interrogatories on June 13, 2001, and did

11   not receive a response.[2] (Affidavit in Support of Motion to Compel 4, ECF No. 73.) Plaintiff also

12   served a request for production of documents on July 7, 2011, and Defendants did not provide

13   responsive documents. (Brief in Support of Motion to Compel 8, ECF No. 73.) Discovery opened

14   in this action on December 1, 2010, and the discovery cut-off date was August 1, 2011, for

15   Defendants Castro, Hedgpeth, Harrington and Soto. (ECF No. 28.) The discovery cut-off date for

16   Defendant Kays was September 9, 2011. (ECF No. 37.) In the discovery order issued December

17   1, 2010, the parties were advised that all motions to compel must be filed by the discovery cut-off

18   date. (Discovery and Scheduling Order, ¶ 8, ECF No. 28.) Plaintiff's motion to compel, filed more

19   than one year after the discovery cut-off date, is denied as untimely.

20      Accordingly, IT IS HEREBY ORDERED that:

21      1.      Plaintiff's motion for a thirty day extension of time to postpone the motion for

22              summary judgment, filed September 28, 2012, is DENIED; and

23      2.      Plaintiff's motion to compel, filed October 1, 2012, is DENIED.

24   IT IS SO ORDERED.

25   Dated:   **October 24, 2012**              **/s/ Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE
26

27   _____

28      [2]Since discovery in this action opened on December 1, 2010, and closed on September 9, 2011, the Court
     assumes that this date is an error and Plaintiff served his interrogatories on June 13, 2011.