# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McKINNEY,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00726-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THIRTY DAY EXTENSION TO POSTPONE THE MOTION FOR SUMMARY JUDGMENT (ECF No. 72)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 73) |

Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 25, 2012, findings and recommendations issued recommending granting Defendants' motion for summary judgment. (ECF No. 64.) Plaintiff filed objections to the findings and recommendations on June 29, 2012. (ECF No. 65.) In light of the recent decision in Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012), Plaintiff was provided with the requirements for opposing a motion for summary judgment and granted thirty days in which to file a supplemental opposition on July 12, 2012. (ECF Nos. 66, 67.) After receiving an extension of time, Plaintiff filed an answer to Defendants' motion for summary judgment and a motion to postpone the motion for summary judgement on September 29, 2012, and a motion to compel discovery on October 1, 2012. (ECF Nos. 71, 72, 73.) Defendants filed an opposition to the motion to compel and motion to postpone the motion for summary judgment on October 5, 2012. (ECF No. 75.)

In his motion to postpone the motion for summary judgment, Plaintiff states that Defendants

are required to disclose "relevant written policies reports regard riots policy, exercises yard policy, policy of prison inmate incidents, policy cell searches, yard searches, weapon policy, and including any reports the public can review etc." if it is in the Defendants possession. (Motion for Thirty-Day Extension to Postpone the Motion for Summary Judgment 2,[1] ECF No. 72.) Defendants oppose the motion on the ground that Plaintiff has failed to show what facts exist that raise a factual dispute and why he could not obtain the facts during discovery as required by Rule 56(d). (Response and Opposition 3, ECF No. 75.)

Pursuant to Federal Rule of Civil Procedure 56(d) when

> a nonmovant shows by affidavit or declaration, that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any appropriate order.

Rule 56(d) requires discovery "where the non-moving party has not had the opportunity to discover information that is essential to its opposition." Roberts v. McAfee, Inc., 660 F.3d 1156, 1169 (9th Cir. 2011) (citations omitted). The party seeking the continuance "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). In making a Rule 56[d] motion, a party opposing summary judgment, "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). The party seeking to conduct additional discovery has the burden of setting forth sufficient facts to show that the evidence sought exists. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

Plaintiff has failed to make the required showing that additional discovery is necessary prior

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

to opposing Plaintiff's motion for summary judgment. While Plaintiff states that policies and reports exist, he fails to show that these documents are essential to his opposition to Defendants' motion for summary judgment or how these policies would preclude summary judgment. Further, Plaintiff's motion has been brought after the Court has issued findings and recommendations recommending granting the motion for summary judgment and more than one year after the discovery cut-off date of August 1, 2011. A motion for further discovery is properly denied where the movant has failed to diligently pursue discovery. California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990). Plaintiff's motion for a thirty day extension of time to file an opposition to summary judgment is denied.

Plaintiff's motion to compel states that he served interrogatories on June 13, 2001, and did not receive a response.[2] (Affidavit in Support of Motion to Compel 4, ECF No. 73.) Plaintiff also served a request for production of documents on July 7, 2011, and Defendants did not provide responsive documents. (Brief in Support of Motion to Compel 8, ECF No. 73.) Discovery opened in this action on December 1, 2010, and the discovery cut-off date was August 1, 2011, for Defendants Castro, Hedgpeth, Harrington and Soto. (ECF No. 28.) The discovery cut-off date for Defendant Kays was September 9, 2011. (ECF No. 37.) In the discovery order issued December 1, 2010, the parties were advised that all motions to compel must be filed by the discovery cut-off date. (Discovery and Scheduling Order, ¶ 8, ECF No. 28.) Plaintiff's motion to compel, filed more than one year after the discovery cut-off date, is denied as untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a thirty day extension of time to postpone the motion for summary judgment, filed September 28, 2012, is DENIED; and

2. Plaintiff's motion to compel, filed October 1, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   October 24, 2012                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Since discovery in this action opened on December 1, 2010, and closed on September 9, 2011, the Court assumes that this date is an error and Plaintiff served his interrogatories on June 13, 2011.

3