1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  GREGORY McKINNEY,                          CASE NO. 1:09-cv-00726-AWI-BAM PC

10                      Plaintiff,            ORDER GRANTING IN PART AND DENYING
                                             IN   PART   PLAINTIFF'S   MOTION   FOR
11       v.                                  RECONSIDERATION

12  CALIFORNIA DEPARTMENT OF                 (ECF No. 80 )
    CORRECTIONS AND REHABILITATION,
13  et al.,                                   ORDER STRIKING PLAINTIFF'S ANSWERS
                                             TO DEFENDANTS' STATEMENT OF
14                      Defendants.          UNDISPUTED FACT

15                                           (ECF No. 74)

16                                           THIRTY-DAY DEADLINE

17  _____/

18       Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for

20  summary judgment in this action on December 12, 2011.  (ECF No. 52.)  Plaintiff was granted a

21  thirty day extension of time to file an opposition on January 30, 2012.  (ECF No. 54.)  On March 20,

22  2012, Plaintiff was ordered to file an opposition within fourteen days because he had failed to file

23  an opposition within the time period granted.  (ECF No. 55.)  On April 11, 2012, Plaintiff filed an

24  opposition to Defendants' motion for summary judgment.  (ECF No. 60.)  Defendants filed a reply

25  on April 18, 2012.  (ECF No. 61.)  Plaintiff filed a surreply on May 23, 2012.  (ECF No. 62.)  On

26  May 25, 2012, an order issued striking Plaintiff's surreply and findings and recommendations issued

27  recommending granting Defendants' motion for summary judgment.  (ECF Nos. 63, 64.)

28       On June 29, 2012, Plaintiff filed objections to the Magistrate Judges' findings and

1

1   recommendations. (ECF NO. 65.) In light of the decision in <u>Woods v. Carey</u>, 684 F.3d 934, 9393

2   (9th Cir. 2012), Plaintiff was provided with notice of the requirements for opposing a motion for

3   summary judgment and granted thirty days in which to file a supplemental opposition to Defendants'

4   motion for summary judgment. (ECF Nos. 66, 67.) Plaintiff was granted an extension of time to

5   file a supplemental opposition on August 22, 2012. (ECF No. 70.) Rather than filing a supplemental

6   opposition to the motion for summary judgment, Plaintiff filed an unsworn answer to Defendants'

7   statement of undisputed facts, and motion to continue the motion for summary judgment pursuant

8   to Federal Rule of Civil Procedure 56(d) on September 28, 2012. (ECF Nos. 71, 72.) On October

9   1, 2012, Plaintiff filed an untimely motion to compel discovery and a request that his answer to

10  Defendants' statement of facts be stricken from the record as premature. (ECF Nos. 73, 74.) On

11  October 24, 2012, Plaintiff's motion to continue the motion for summary judgment and motion to

12  compel were denied. (ECF No. 77.) On December 6, 2012, an order issued adopting the findings

13  and recommendations and granting Defendants' motion for summary judgment issued and judgment

14  was entered. (ECF Nos. 78, 79.) On December 14, 2012, Plaintiff filed a motion for

15  reconsideration. (ECF No. 80.)

16       Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms,

17  the court may relieve a party . . .from a final judgment, order, or proceeding for the following

18  reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence .

19  . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged;

20  . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these

21  factors is present the motion is properly denied. <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th

22  Cir. 1991).

23       Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

24  for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

25  prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

26  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

27  omitted). The moving party "must demonstrate both injury and circumstances beyond his control

28  . . . ." <u>Id.</u> (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in

2

1   relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

2   which did not exist or were not shown upon such prior motion, or what other grounds exist for the

3   motion," and "why the facts or circumstances were not shown at the time of the prior motion."

4   "A motion for reconsideration should not be granted, absent highly unusual circumstances,

5   unless the district court is presented with newly discovered evidence, committed clear error, or if

6   there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

7   present evidence for the first time when they could reasonably have been raised earlier in the

8   litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

9   2009) (internal quotations marks and citations omitted) (emphasis in original).

10   On October 1, 2012, Plaintiff filed a document entitled "Please Take Judicial Notices Strike

11   Plaintiff's Answers to Defendants Statement of Undisputed Facts. (ECF No. 74.)  The Court shall

12   grant Plaintiff's request and strike his answer from the record.

13   Plaintiff seeks reconsideration of the October 24, 2012, order asserting that the Magistrate

14   Judge erred by not striking his premature answer to the Defendants' undisputed facts and denying

15   his Rule 59(d) motion.  (Motion for Reconsideration 6, ECF No. 80.)  Plaintiff alleges that the

16   Magistrate Judge erred in denying his motion for a thirty day extension of time because he stated in

17   his motion that a prison riot occurred on August 28, 2012, and he was confined to his cell without

18   law library access for sixteen days.  Plaintiff brought his motion under Rule 56(d) seeking a

19   continuance to obtain additional discovery and the motion was denied because he failed to make the

20   required showing that additional discovery was needed prior to opposing the motion for summary

21   judgment. (Order Denying Plaintiff's Motion  for Thirty Day Extension to Postpone the Motion for

22   Summary Judgment  2:25-3:9, ECF No. 77.)  Accordingly the Magistrate Judge did not err in

23   denying the motion.

24   To the extent that Plaintiff objects because he wanted the thirty day extension of time due

25   to being without access to the law library, the Court shall grant Plaintiff thirty days in which to file

26   a supplemental opposition to the motion for summary judgment.  Plaintiff is advised that no further

27   extensions of time shall be granted.

28   ///

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for reconsideration is GRANTED IN PART AND DENIED IN PART as follows:

        a.      Plaintiff's motion to strike his answer to Defendants' statement of undisputed facts, filed October 1, 2012, is GRANTED;

        b.      Plaintiff's answer to Defendants' statement of undisputed facts, filed September 28, 2012, is STRICKEN FROM THE RECORD;

        c.      Plaintiff's motion for reconsideration of the order denying his motion to continue the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) is DENIED; and

2.      Within thirty days from the date of service of this order, Plaintiff shall file a supplemental opposition to Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:    December 18, 2012                             

                                       UNITED STATES DISTRICT JUDGE