# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McKINNEY, | CASE NO. 1:09-cv-00726-AWI-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| v. | (ECF Nos. 80, 81, 87) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff Gregory McKinney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment in this action on December 12, 2011. (ECF No. 52.) On January 30, 2012, Plaintiff was granted a thirty-day extension of time to file an opposition. (ECF No. 54.) Thereafter, on March 20, 2012, the Court ordered Plaintiff to file an opposition within fourteen days because he had failed to file any opposition within the permitted time period. (ECF No. 55.)

On April 11, 2012, Plaintiff filed an opposition to Defendants' motion for summary judgment. (ECF No. 60.) Defendants replied on April 18, 2012. (ECF No. 61.) Plaintiff filed a surreply on May 23, 2012, which the Court struck from the record. (ECF Nos. 62, 63.) On May 25, 2012, the Magistrate Judge issued findings and recommendations that Defendants' motion for summary judgment be granted. (ECF Nos. 63, 64.)

On June 29, 2012, Plaintiff filed objections to the Magistrate Judges' findings and recommendations. (ECF No. 65.) In light of the decision in Woods v. Carey, 684 F.3d 934, 939 (9th

1  Cir. 2012), the Court provided Plaintiff with notice of the requirements for opposing a motion for
2  summary judgment and granted Plaintiff thirty days to file a supplemental opposition to Defendants'
3  motion for summary judgment. (ECF Nos. 66, 67.) Plaintiff subsequently requested an additional
4  thirty days to file a supplemental opposition. On August 22, 2012, the Court granted Plaintiff's
5  request for an extension of time to file a supplemental opposition. (ECF No. 70.)

6  On September 28, 2012, instead of filing a supplemental opposition, Plaintiff filed an
7  unsworn answer to Defendants' statement of undisputed facts, along with a request to postpone the
8  motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). (ECF Nos. 71, 72.)
9  On October 1, 2012, Plaintiff filed an untimely motion to compel discovery and a request that his
10 answer to Defendants' statement of facts be stricken from the record as premature. (ECF Nos. 73,
11 74.) On October 24, 2012, the Court denied both Plaintiff's request to postpone the motion for
12 summary judgment and Plaintiff's motion to compel. (ECF No. 77.)

13 On December 6, 2012, the Court adopted the Magistrate Judge's findings and
14 recommendations and granted Defendants' motion for summary judgment. (ECF No. 78.) Judgment
15 was entered in favor of Defendants. (ECF No. 79.)

16 On December 14, 2012, Plaintiff filed a motion for reconsideration. (ECF No. 80.) On
17 December 19, 2012, the Court granted in part and denied in part Plaintiff's motion for
18 reconsideration. Specifically, the Court granted Plaintiff's motion to strike his answer to
19 Defendants' statement of undisputed facts filed on October 1, 2012, but denied his motion to
20 continue the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).
21 Additionally, the Court granted Plaintiff thirty days from the date of service of the order to file a
22 supplemental opposition to Defendants' motion for summary judgment. (ECF No. 81.)

23 On December 26, 2012, Plaintiff filed a notice of appeal, which was processed to the Ninth
24 Circuit Court of Appeals. (ECF Nos. 82, 83.) On January 7, 2013, Plaintiff filed a request to strike
25 his notice of appeal. (ECF No. 85.) On January 16, 2013, the Ninth Circuit Court of Appeals
26 granted Plaintiff-Appellant's motion for voluntary dismissal of his appeal. (ECF No. 86.)

27 On February 13, 2013, Plaintiff filed the instant motion requesting that the Court issue a
28 ruling on his pending motion for reconsideration. (ECF No. 87.) Plaintiff contends that the Ninth

1  Circuit Court of Appeals determined that his notice of appeal was defective because the district court
2  had not issued a final determination regarding Plaintiff's motion for reconsideration. The Court
3  construes Plaintiff's current request as one for reconsideration of the Court's order granting
4  Defendants' motion for summary judgment and the entry of final judgment in favor of Defendants.

5  As stated above, the Court issued an order on December 19, 2012, which addressed
6  Plaintiff's motion for reconsideration and granted Plaintiff an additional thirty days from service of
7  the order to file a supplemental opposition to Defendants' motion for summary judgment. Plaintiff
8  did not file a timely supplemental opposition.

9  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the court may relieve a party
10 from a final judgment, order, or proceeding upon a showing of (1) mistake, inadvertence, surprise,
11 or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied,
12 released or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. Proc.
13 60(b). Where none of these factors is present, the motion is properly denied. Fuller v. M.G. Jewelry,
14 950 F.2d 1437, 1442 (9th Cir. 1991).

15 Although Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from
16 an order for any reason that justifies relief, this rule "is to be used sparingly as an equitable remedy
17 to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
18 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
19 omitted). The moving party "must demonstrate both injury and circumstances beyond his control
20 . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in
21 relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
22 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
23 motion," and "why the facts or circumstances were not shown at the time of the prior motion."

24 "A motion for reconsideration should not be granted, absent highly unusual
25 circumstances, unless the district court is presented with newly discovered evidence, committed
26 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
27 raise arguments or present evidence for the first time when they could reasonably have been
28 raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

      Plaintiff was given numerous opportunities to file a supplemental opposition to Defendants' motion for summary judgment, but failed to do so. Given this failure, Plaintiff has presented the Court with no basis to relieve him from the order granting Defendants' motion for summary judgment or from the entry of final judgment in favor of Defendants. Therefore, to the extent Plaintiff seeks reconsideration of the order granting Defendants' motion for summary judgment or from the entry of final judgment, his motion is DENIED.

IT IS SO ORDERED.

Dated:   March 18, 2013

                                                      SENIOR DISTRICT JUDGE